UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


JOHN M. HOBBY, JR.,

       Plaintiff,

                                      Case No. 1:06-cv-617

v

                                      Hon. Wendell A. Miles

STATE OF MICHIGAN,

       Defendant.

_____/


ORDER DENYING MOTION FOR RECONSIDERATION


       The *pro se* plaintiff in this case is John Hobby, a Michigan prisoner who was convicted

of criminal sexual conduct in 1991.  He has filed multiple habeas petitions challenging his

conviction.  See Hobby v. Phillips, No. 1:05cv204 (W.D. Mich.).[1]   In this action, plaintiff seeks

declaratory and injunctive relief on the basis that the Michigan statute under which he was

convicted was passed in violation of the Michigan Constitution.  The action was dismissed for

failure to state a claim, and the matter is currently before the court on plaintiff's motion (docket

no. 9) for reconsideration of that ruling.  The motion is **denied.**

       This action was dismissed on the basis that plaintiff's challenge to the legality of his

---

      [1]The court may take judicial notice of other actions plaintiff has filed in this court.  See
United States v. Doss, 563 F.2d 265, 269 (6th Cir. 1977) (taking judicial notice of court's own
record is wholly consistent with the provisions of Fed.R.Evid. 201). The court may also take
judicial notice of court records on file in other federal courts.  See Granader v. Public Bank, 417
F.2d 75, 82 (6th Cir. 1969) ("Federal courts may take judicial notice of proceedings in other
courts of record").

confinement is not the proper subject of a civil rights action under 42 U.S.C. § 1983.  Plaintiff's

current motion reargues the merits of his position.  Plaintiff also argues that the court is guilty of

wrongdoing if it does not adopt plaintiff's position.

Where a state prisoner challenges the fact or duration of his confinement on federal

constitutional grounds, and the relief he seeks is a determination that he is entitled to immediate

release or a speedier release from imprisonment, his sole federal remedy is a writ of habeas

corpus.  Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  Therefore, to the extent that plaintiff

alleges that his federal constitutional rights were violated and that he is entitled to be released

from prison, his claim is not cognizable under 42 U.S.C. § 1983, and the court did not err by

dismissing the complaint.  The fact that plaintiff has been denied habeas relief on at least two

occasions does not alter this conclusion.[2]

It was proper to dismiss plaintiff's complaint based solely on the reasoning which the

court has already applied.  However, upon further review of plaintiff's complaint in connection

with resolving the present motion, the court is convinced that additional considerations result in

the same conclusion: that plaintiff's action is subject to dismissal.

It is not apparent that plaintiff is even alleging that his federal rights were violated;

instead it appears that he might merely be alleging that the Michigan Constitution was violated

in connection with the passage of the State's criminal sexual conduct statute.  If this is the case,

then the  relief which plaintiff seeks is still unattainable in § 1983 proceedings.  The court

_____

[2]In Hobby v. Phillips, the Sixth Circuit denied plaintiff's motion to file a third habeas
petition.

cannot, in an action against state officials under 42 U.S.C. § 1983, force those officials to comply with state law.  "[A] federal suit against state officials on the basis of state law contravenes the Eleventh Amendment when – as here – the relief sought and ordered has an impact directly on the State itself."  Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 117 (1984).  The relief which plaintiff seeks – the invalidation of Michigan's criminal sexual conduct statute – would directly impact the State, and is prohibited in this court by the Eleventh Amendment.

Moreover, to the extent that plaintiff seeks only declaratory relief, such relief is also inappropriate in this case.  The Sixth Circuit has adopted a five-factor test to determine when a district court should exercise jurisdiction over a declaratory judgment:  (1) whether the judgment would settle the controversy; (2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata'; (4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and   (5) whether there is an alternative remedy that is better or more effective.  Adrian Energy Associates v. Michigan Public Service Com'n, 481 F.3d 414, 422 (6th Cir.  2007) (citation omitted).  Here, each of these factors weighs heavily against exercising jurisdiction to grant declaratory relief, even if such jurisdiction could be asserted consistent with the Eleventh Amendment.

Finally, it is noted that even if plaintiff could overcome these deficiencies in his claim, this action would be time-barred.  For civil rights suits filed in Michigan under § 1983 , the statute of limitations is three years.  See Mich. Comp. Laws § 600.5805(10); Carroll v.

3

Wilkerson, 782 F.2d 44, 45 (6th Cir. 1986).  The statute of limitations period begins to run when

the plaintiff knows or has reason to know that the act providing the basis of his injury has

occurred. See Kullman v. Owens-Corning Fiberglas Corp., 943 F.2d 613, 616 (6th Cir. 1991)

(finding that, under Michigan law, cause of action arose when the plaintiff knew or should have

known that he was suffering lung difficulty and that he had worked in presence of asbestos, not

when he eventually received official diagnosis of asbestos-exposure).   Here, plaintiff was

convicted in 1991.  Before April 1, 1994, M.C.L. § 600.5851 defined imprisonment as a

disability for statute of limitations purposes, meaning that a person had one year from the date of

his release from prison to file an action.  This statute was amended effective April 1, 1994 to

remove imprisonment as a listed disability, allowing prisoners a one-year grace period from the

effective date to file their actions.  M.C.L. § 600.5851(9).  Thus, the grace period expired on

April 1, 1995.  Plaintiff's action, filed on August 28, 2006, was filed over 11 years too late.

In his current motion, plaintiff also argues that the court erred in concluding that he had

no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  For the reasons

noted above, there was and is no error, and the court adheres to its conclusion.

MOTION DENIED.

Entered this 6th day of June, 2007.


 /s/ Wendell A. Miles
Wendell A. Miles, Senior Judge


4